The Honorable H.G. Foster Prosecuting Attorney 20th Judicial District P.O. Box 1105 Conway, AR 72032
Dear Mr. Foster:
This is in response to your request for an opinion on whether the Faulkner County Purchase Order System is acceptable. Presumably, you are asking whether the system complies with Arkansas law governing county purchasing and the payment of claims against the county. The statutes governing this subject are quite detailed.See A.C.A. §§ 14-22-101 to 14-25-115 (1987). While we find no problem with the purchase order part of the system you have submitted for our review,[1] certain aspects of the system regarding the payment of claims do not appear to comply with the statutory procedure for the payment of claims against the county.
Under A.C.A. § 14-23-203 (1987), vendors are required to send claims for payment by the county directly to the county clerk, with the exception of claims for sundry supplies used in the administration of county offices. The county clerk must then submit the claim to the county judge within 15 days (excluding holidays) of its being received and recorded. A.C.A. §14-23-206(a)(1). The county judge has 30 days to approve or disapprove the claim. A.C.A. § 14-23-206(a)(1). If the county court approves the claim, the county clerk shall prepare a check on the claim, which is submitted to the county treasurer for signature and payment.[2] See A.C.A. §§ 14-24-101 and14-24-204(a)(1). The treasurer will sign the check if funds are available. A.C.A. § 14-24-101.
The Faulkner County Purchase Order System does not appear to follow this procedure in processing claims for payment against the county.[3] The importance of following this particular order in processing claims lies in the requirement that claims against the county be paid in the order in which they are received and docketed. See A.C.A. §§ 14-23-205(b),14-23-206(b), and 14-23-207(a). Following the procedure set out in the statutes facilitates the payment of claims in the proper order, which becomes significant when county funds are depleted.
Aside from the problems noted above with respect to the processing of claims, the Faulkner County Purchase Order System appears to be in general compliance with Arkansas law. We are only addressing the system as submitted to us, however, and are not able to determine whether specific procedures followed under the system are in compliance with law. With respect to such specific procedures, reference should be made to A.C.A. §§14-22-101 to 14-25-115 (1987) in order to ensure that all requirements imposed therein are met. For example, the purchase order system reflects that the county treasurer maintains a check register, but does not specify how that register is maintained. To ensure that the proper procedure is followed, reference should be made to A.C.A. § 14-24-205. Similarly, the system reflects that the county clerk maintains a claims docket, but provides no details about the docket. To ensure that the clerk is maintaining the claims docket in compliance with law, reference should be made to A.C.A. §§ 14-23-203, 14-23-204, and 14-23-205 (1987). Likewise, the system does not reflect whether the county clerk maintains records related to county claims for a period of years as required by A.C.A. § 14-23-105.
In conclusion, we have pointed out some general problems with the way county claims are processed under the Faulkner County Purchase Order System submitted to us. As far as the specific procedures followed thereunder are concerned, however, we can only advise that reference be made to the particular statutes involved to ensure that such procedures are in compliance with law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] We must note that the procedures set out in A.C.A. §§14-22-101 through 14-22-115 (1987) must be followed for county purchases of $5,000.00 or more.
[2] The purchase order system you have submitted reflects the use of checks rather than warrants. We assume you have obtained court approval of the implementation of the check system in your county under A.C.A. § 14-24-203(a) (1987).
[3] We note that this procedure is not applicable to any county with a county comptroller established pursuant to legislative act. A.C.A. § 14-23-201 (1987). Because Faulkner County does not have such a comptroller, the procedure does apply to it.